Mr. William P. Buztrey County Attorney Escambia County Room 411, Courthouse Annex 14 West Government Street Pensacola, Florida 32501
Dear Mr. Buztrey:
You ask substantially the following questions:
 1) Do personal property tax liens levied pursuant to s. 197.413, F.S., attach to an automobile in the event that the automobile is transferred to another person?
 2) Can one county tax collector following the procedures outlined in ss. 197.412 and 197.413(9), F.S., seize a motor vehicle in another county which is owned or held by a party who is not the original taxpayer and require the owner or person in control of the vehicle to deliver the vehicle to the out-of-county tax collector or to pay the debt of the former taxpayer owner of the vehicle?
 3) If the new owner or holder of the motor vehicle refuses to deliver the vehicle to the out-of-county tax collector or to pay the debt of the former taxpayer owner of the vehicle, may the out-of-county tax collector seize the vehicle?
In sum, I am of the opinion:
 Inasmuch as motor vehicles are not subject to a tangible personal property tax but are subject to seizure and sale for payment of delinquent taxes due on other property belonging to the taxpayer, the lien imposed is a general lien and applies only to the taxpayer's personal property situated in the county at the time of attachment, i.e., upon a determination of delinquency and service of the supplemental tax warrant by the tax collector.
 A motor vehicle transferred to a bona fide purchaser for value would not be subject to attachment by the tax collector. However, if the transferee merely has the vehicle in his possession or control or is indebted to the delinquent taxpayer, the issuance of a tax warrant by the tax collector, after issuance of the court's order, would have the same force of a writ of garnishment against the transferee.
As your questions are interrelated, they will be answered together.
Section 197.122, F.S., provides:
 All taxes imposed pursuant to the State Constitution and laws of this state shall be a first lien, superior to all other liens, on any property against which the taxes have been assessed and shall continue in full force from January 1 of the year the taxes were levied until discharged by payment or until barred under chapter 95. All personal property tax liens, to the extent that the sale of the property is insufficient to pay all delinquent taxes, interest, fees, and costs due, shall be liens against all other personal property of the taxpayer in the county. However, such liens against other personal property shall not apply against such property which has been sold, and such liens against other personal property shall be subordinate to any valid prior or subsequent liens against such other property. (e.s.)
Motor vehicles are not subject to a tangible personal property tax.[1] They are, however, subject to seizure and sale for the payment of delinquent taxes due on other property belonging to the taxpayer.[2] It, therefore, appears that your inquiry concerns liens against motor vehicles arising as "liens against all other personal property of the taxpayer in the county" when the sale of the personal property against which the taxes were assessed is insufficient to pay the delinquent taxes, interest, fees and costs due.
The lien created by s. 197.122, F.S., on other personal property is a general lien. In considering similar language to s. 197.122, F.S., in a predecessor statute,[3] the court in Walter E. Heller Co., Southeast v. Williams,[4] concluded that the county had a superior lien for unpaid personal property taxes only on the specific personal property assessed for taxes, which lien attached to the property on January 1 of the tax year for the taxes assessed on that date. For "liens attaching to other personal property of the taxpayer in the county" pursuant to s.197.122, F.S., however, the court concluded that the lien "attaches as a general lien to the other property of the tax debtor upon the determination of deficiency referred to therein."[5]
(e.s.)
Moreover, s. 197.417(3), F.S., specifically provides that if the property levied upon cannot be located in the county or is sold for less than the amount of taxes, delinquent charges, interest, costs and collection fees, the deficit shall be a general lien against all the taxpayer's other personal property situated in the county. The taxpayer's other property may be seized and sold in the same manner as property on which there is a specific lien for delinquent taxes.
Section 197.413, F.S. sets forth the procedural steps to be followed by the tax collector in the collection of delinquent personal property taxes. These steps culminate in the issuance of an order of the court "directing the tax collector or his deputy to levy upon and seize so much of the tangible personal property of the taxpayers who are listed in the petition as is necessary to satisfy the unpaid taxes, costs, interest, attorney's fees, and other charges."[6]
After issuance of the court's order, a tax warrant issued by the tax collector for collection of tangible personal property taxes has the same force as a writ of garnishment upon any person who has goods, money, chattels, or effects of the delinquent taxpayer in his hands, possession or control or who is indebted to such delinquent taxpayer.[7]
The Heller court held that the general lien attached to the other property of the delinquent tax collector upon service of the supplemental warrant. Thus, the court held that a third party's lien, established after January 1 of the tax year when the delinquent taxes were assessed but prior in time to attachment of the tax collector's general lien by service of the supplemental warrant, prevailed over the tax collector's lien.
You inquire whether the personal property tax lien attaches to a motor vehicle which has been transferred to another person.
Section 197.122, F.S., expressly provides, "such liens against other personal property shall not apply against such property which has been sold. . . ." Accordingly, the lien would not appear to attach to a motor vehicle which prior to attachment had been transferred to a bona fide purchaser for value.
If, however, the transferee merely has the vehicle in his possession or control or is indebted to the delinquent taxpayer, pursuant to s. 197.413(8), F.S., the issuance of a tax warrant by the tax collector would have the same force, after issuance of the court's order, of a writ of garnishment against the transferee. In such a case, the debtor or person would be required to pay the debt or deliver the property of the delinquent taxpayer to the tax collector levying the warrant.[8] The receipt of the tax collector "shall be a complete discharge to that extent of the debtor or person holding the property."[9]
You inquire about the authority of a county tax collector to seize a motor vehicle in another county. Section 197.122, F.S., in providing for the lien on other property of the delinquent taxpayer, expressly refers to other property of the taxpayer in the county. Accordingly, it does not appear that the tax collector may proceed under s. 197.122, F.S., against property of the taxpayer in another county.
You refer to s. 197.412, F.S., as providing a possible mechanism for attaching motor vehicles in the case of removal. That section authorizes the tax collector to attach for taxes any tangible personal property that has been assessed at the time before payment if he has reason to believe that the property is being removed or disposed of so as to prevent or endanger the payment of taxes thereon. Since motor vehicles are not subject to being assessed for tangible personal property taxes,[10] although they may be seized and sold for the payment of delinquent taxes due on other property belonging to the taxpayer, this section would not appear to be applicable.
If, however, the general lien established by s. 197.122, F.S., had attached to the motor vehicle by service of the supplemental tax warrant, this office has previously stated:
 In the absence of a statute to the contrary, a tax lien which has become attached to personal property follows it into the hands of a purchaser, even though he is a purchaser for value without notice. . . . This rule is doubtless subject to the property in question being followed into the hands of such purchaser and being identified for the purpose of seizure and sale.[11]
Moreover, once the lien has attached to the other property of the taxpayer in the county by service of the supplemental tax warrant, such lien having the same force as a writ of garnishment, I cannot state that the subsequent removal of the property would defeat the lien. Rather, it appears that the attached lien could be enforced in the same manner as a writ of garnishment.
Sincerely,
Robert A. Butterworth Attorney General
[1] See, s. 1(b), Art. VII, State Const., stating in part that "[m]otor vehicles . . . shall be subject to a license tax for their operation in the amounts and for the purposes prescribed by law, but shall not be subject to ad valorem taxes." (e.s.) Cf., s. 13, Art. IX, State Const. 1885, which exempted motor vehicles from ad valorem taxation.
[2] See, Faber, Coe Gregg of Florida, Inc. v. Wright,178 So.2d 51, 53 (3 D.C.A.Fla., 1965), stating that while motor vehicles are excepted from tangible personal property ad valorem taxes, they are subject to lien for personal property ad valorem taxes assessed against taxpayer's other property; AGO 50-378. The sale of such property, however, would be subject to the exemptions from force sale provided in s. 4(a)(2), Art. X, State Const., for personal property owned by a natural person to the value of one thousand dollars.
[3] See, s. 197.056(1), F.S. 1981, the first two sentences of which were substantially similar as those now contained in s. 197.122, F.S. Section 197.056, F.S. 1981, was transferred and renumbered as s. 197.0151 by s. 31, Ch. 82-226, Laws of Florida, and was repealed by s. 126, Ch. 342, Laws of Florida. Section 197.122, F.S., was created by s. 129, Ch. 342, Laws of Florida, as amended by s. 11, Ch. 88-216, Laws of Florida.
[4] 450 So.2d 530 (3 D.C.A.Fla., 1984).
[5] 450 So.2d at 532. The court relied in part on Rule 12D-12.11, F.A.C. (now Rule 12D-12.011), stating that "[i]f the sale of personal property assessed is insufficient to pay all delinquent taxes, interest, fees, and costs due, then the lien shall attach to other personal property of the taxpayer in the county." And see, Rules 12D-13.011 and 12D-13.012, F.A.C., containing similar language.
 The court, in considering the nature of the lien created, also reviewed the decisions of several out-of-state cases, including Owens v. Oregon Livestock Loan Co., 47 P.2d 963
(Or. 1935): In Owens, the Oregon Supreme Court, explained that the statutory lien against other property of the tax debtor may be extended only in accordance with statutory proceedings which authorize seizure and only upon personal property of the person charged with the tax. Such a lien was referred to as "floating and inchoate" and "effective upon such other personal property only upon a seizure or distraint [thereof]." . . . The court observed that the "distraint is ineffective unless the property [seized] belongs to the tax debtor at the time of the distraint. The fact that it belonged to the tax debtor at the time the tax is levied is immaterial if it now belongs to someone else." 450 So.2d at 528.
[6] Section 197.413(6), F.S.
[7] See, s. 197.413(8), F.S.
[8] Section 197.413(9), F.S.
[9] Id.
[10] See, n. 1, supra.
[11] Attorney General Opinion 55-47. And see, 84 C.J.S. Taxation s. 593. This office stated in AGO 55-47 that the lien may be enforced against such property so long as it may be identified, even in the hands of a purchaser. However, the officer should collect the tax out of the tangible property in the hands of the taxpayer so long as he possesses sufficient property and only resort to property subject to the tax lien in the hands of third persons when the taxpayer is possessed of no property subject to seizure and sale.